# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GINA BERNACCHI,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>FIRST CHICAGO INSURANCE COMPANY,<br>CHICAGO SEVEN CAB INC.<br>　　　　　　　　　Defendant. | Case No. 1:21-cv-2533 |

## COMPLAINT FOR SPECIFIC PERFORMANCE

NOW COMES, the Plaintiff, GINA BERNACCHI, by and through her attorney, Kent D. Sinson of the Sinson Law Group, and for her Complaint for Specific Performance, the Plaintiff states as follows:

## STATEMENT OF THE CASE

1. This action seeks a declaration, pursuant to 28 U.S.C. §2201, of specific performance requiring First Chicago Insurance Company to adjust Gina Bernacchi's uninsured motorist claim under an insurance policy issued to Chicago Seven Cab Inc. in relation to an underlying traffic accident and Plaintiff's claims for uninsured motorist coverage.

## PARTIES

2. First Chicago Insurance Company is an insurance company formed under the laws of the State of Illinois, with its principal place of business 6640 S. Cicero Avenue, Bedford Park, Illinois 60638. First Chicago Insurance Company conducts business in Illinois, and within the geographical boundaries of this District. First Chicago Insurance Company is licensed by the Illinois Department of Insurance to provide insurance in the state of Illinois.

3. Gina Bernacchi is a citizen of Michigan and resides in Sawyer, Michigan, and seeks coverage under an insurance policy issued in this District.

4. Chicago Seven Cab Inc was for all times relevant to this action. An Illinois Corporation with its principle place of business of 2617 S. Wabash Ave. Chicago, Illinois 60616.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns a policy demand under an insurance policy issued in this District for a motor vehicle accident occurring within this District.

**FACTUAL BACKGROUND**

7. On December 29, 2018, Plaintiff Gina Bernacchi was a passenger in the back of a taxicab, 2012 Ford Escape, which was in traffic facing northbound on Michigan Avenue at or near Ohio Avenue in County of Cook, State of Illinois. The taxicab which was owned by Chicago Seven Cab Inc. was insured by First Chicago Insurance Company. On December 24, 2018, Donshawn D. Saunders was operating a 2017 Nissan motor vehicle eastbound on Ohio Avenue.

8. At the time and place aforesaid, a collision occurred when the vehicle driven by Saunders ran a red light and negligently struck the vehicle in which Plaintiff was a backseat passenger.

9. The negligent acts of Saunders were a proximate cause of said collision and of the Plaintiff's bodily injuries.

10. At the time of the accident Donshawn Saunders had never had a valid driver's license. The vehicle owner's policy with American Access Casualty Company precluded coverage for Saunders under *Founders Insurance Company v. Munoz*, 237 Ill.2d 424 (2010). Therefore at the time of the accident Donshawn Saunders was an uninsured motorist.

11. At all relevant times First Chicago Insurance Company Auto Policy number LVA 49878-5669TX was in full force and effect. (Certified copy of Policy No. LVA 49878-5669TX is attached hereto as **Exhibit A**).

12. Under the policy, First Chicago promised to pay uninsured motorist coverage for loss suffered by Bernacchi.

13. On February 10, 2021, Judge Sanjay Tailor entered the following order:

> It is hereby ordered that a declaratory judgment is entered on Plaintiff, Gina Bernacchi's behalf and against the Defendants' Chicago Seven Cab, Inc., and First Chicago Insurance Company declaring that under the facts and the law under First Chicago Insurance Company's Policy LVA-49878-5669TX issued to Chicago Seven Cab, Inc., for the accident of December 24, 2018, Plaintiff, Gina Bernacchi has underinsured and uninsured motorist coverage with policy limits of $350,000.00 available to her for her alleged loss. (**Exhibit B**)

14. On or about December 28, 2018, a covered direct, physical loss occurred to Bernacchi.

15. In exchange for a premium, First Chicago Insurance Company agreed under the policy to provide passengers like Bernacchi with uninsured motorist coverage in the event of a loss.

16. In exchange for a premium, First Chicago Insurance Company agreed under the policy to provide $350,000.00 in uninsured motorist coverage.

17. Chicago Seven Cab Inc. performed all of their obligations as required under the policy and all conditions precedent including payment of all premiums due.

18. Bernacchi timely notified First Chicago Insurance Company of the uninsured loss.

19. Bernacchi provided First Chicago Insurance Company all of the medical records concerning her injuries caused by the accident. These records totaled 440 pages.

20. Bernacchi provided First Chicago Insurance Company every single medical bill of Plaintiff for treatment she received for injuries caused by the accident. These medical bills total approximately $43,000.00

21. Bernacchi provided First Chicago Insurance Company a total of 471 pages of documents relating to Plaintiff's claim.

22. Bernacchi provided First Chicago Insurance Company a report and C.V. from Plaintiff's 213(f)(3) medical billing expert, Keith Tobin, detailing the medical costs of the future surgery recommended by Dr. Kenneth Edwards. (**Exhibit C**). The cost of this future surgery is estimated to be approximately $80,000.00.

23. Bernacchi issued demand to adjust the loss on First Chicago Insurance Company on February 11, 2021 and on March 30, 2021. (**Exhibit D**). First Chicago Insurance Company's only response was a form letter dated March 29, 2021 requesting Plaintiff withdraw her policy demand. (**Exhibit E**). The correspondence also falsely claimed that First Chicago Insurance Company did not have all of Plaintiff's medical records relating to the accident.

### SPECIFIC PERFORMANCE

24. An essential function of one's insurance company is to adjust claims for benefits made by its insureds. *See*, 50 Ill. Adm. Code 919.50 and 919.40 and 215 ILCS 5/154.6.

25. Adjustment of an underinsured claim requires a carrier to (1) admit or deny liability, *i.e.* state with specificity whether they are contesting that the underlying tortfeasor was the cause of the motor vehicle accident (*i.e.* the position of First Chicago as to whether Donshawn D.

Saunders was at fault for causing the accident), (2) state what they evaluate Plaintiff's compensatory damages resulting from the accident to be and state a factual basis for said calculation.[1]

26. Black's Law Dictionary, 48 (9th Ed. 2009) defines adjustment of a claim as "the determination of an amount an insurer will pay an insured to cover a loss." *Dunn v. American Family*, 251 P.2d 1232.

27. As to any amount that the insurance carrier determines that their insured is undisputedly entitled to, said amount must be paid to their insured within 30 days. 50 Ill. Adm. Code 919.50(a), *Millers Mutual Insurance v. House*, 286 Ill. App. 3d 378, *Castellano v. State Farm*, 2013 Ill. App. (5th) 120304, *Mohr v. Dix Mutual Country Fire Insurance Co.*, 143 Ill. App. 3d 989, *Deverman v. County Mutual Insurance Co.*, 6 Ill. App. 3d 122.

28. Chicago Seven Cab Inc. and First Chicago Insurance Company entered into a specifically enforceable contract namely the insurance policy attached as **Exhibit A**.

29. Chicago Seven Cab Inc. and First Chicago Insurance Company both provided consideration under the insurance contract.

30. Chicago Seven Cab Inc. has performed all of their obligations under the insurance contract.

31. As a passenger in a cab insured by First Chicago Insurance Company, Ms. Bernacchi is a beneficiary of the aforementioned policy.

32. First Chicago Insurance Company breached the insurance contact by failing to adjust Ms. Bernacchi's claim.

---

[1] When adjusting a claim, the insurer is required pursuant to statute to inform their insured that if the insured disagrees with the insurer's adjustment decision, the insured may file a complaint with the Illinois Department of Insurance. 50 Ill. Adm. Code 919.50 and 919.40.

33. The insurance policy provides:

> If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages, then the disagreement will be arbitrated. (**Exhibit A**, Bates: 028)

34. By First Chicago Insurance Company failing to adjust the claim, Bernacchi does not know if the parties "disagree."

35. Bernacchi has no adequate remedy at law because without adjustment of the claim, arbitration is not properly triggered.

WHEREFORE, Plaintiff, GINA BERNACCHI, prays that this Honorable Court enter an order and adjudge that First Chicago Insurance Company must specifically perform under the insurance contract by being required to adjust this claim within 14 days or within any specific period this Court considers fair and just pursuant to 50 Ill. Adm. Code 919.80(a) by stating:

   i. whether First Chicago Insurance Company is asserting any coverage defenses;

   ii. the position of First Chicago Insurance Company as to whether the underlying tortfeasor Donshawn D. Saunders was at fault for causing the accident;

   iii. First Chicago Insurance Company's position as to the value of Bernacchi's compensatory damages resulting from the accident;

   iv. If when First Chicago Insurance Company adjusts the claim and makes a determination of the extend of liabilities due it alleges that said amount is less than the amount claimed by Bernacchi, First Chicago Insurance Company shall provide Bernacchi a reasonable written explanation of the basis of the lower offer within 30 days;

   v. written notice pursuant to statute that if Bernacchi disagrees with First Chicago Insurance Company's adjustment of the claim that Bernacchi can file a complaint with the Illinois Department of Insurance Consumer Division and;

   vi. if First Chicago Insurance Company determines that there is any undisputed amount to which Bernacchi is entitled, the undisputed amount is required to be paid in 30 days.

Dated: May 11, 2021　　　　　　　　　　SINSON LAW GROUP

　　　　　　　　　　　　　　　　　　　/s:/ Kent D. Sinson
　　　　　　　　　　　　　　　　　　　Kent D. Sinson
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff, Gina Bernacchi


Kent D. Sinson (ARDC No. 6196953)
kent@sinsonlawgroup.com
Sinson Law Group
100 N. La Salle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Facsimile